**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
         apersinger@bursor.com
         ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERON COOK, on behalf of herself and all others similarly situated,<br><br>                          Plaintiff,<br>         v.<br><br>ENHANCED RECOVERY COMPANY,<br><br>                          Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff Sheron Cook ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief, except that Plaintiff's allegations as to her own actions are based on personal knowledge.

## NATURE OF THE ACTION

1. Between July 28, 2015 and January 6, 2016, Defendant Enhanced Recovery Company ("Enhanced" or "Defendant") made 3 robocalls to Plaintiff, Sheron Cook, on her cellular telephone to collect a debt owed by the previous owner of her cellular telephone number. These calls were made using an autodialer and/or an artificial or prerecorded voice. Ms. Cook did not give Enhanced prior express written consent to make these calls.

2. Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Enhanced in negligently, knowingly, and willfully contacting Plaintiff and class members on their telephones using an artificial or prerecorded voice without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## PARTIES

3. Plaintiff Sheron Cook is, and at all times mentioned herein was, a resident of Vallejo, California and a citizen of the State of California.

4. Defendant Enhanced Recovery Company is a Florida corporation with its principal place of business at 8014 Bayberry Road, Jacksonville, FL 32256. Defendant is a debt collection agency.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in

CLASS ACTION COMPLAINT                                                                                            1

the proposed classes; (b) some members of the proposed classes have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6).

6. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

7. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant transacts significant business within this District, a substantial part of the events giving rise to Plaintiff's claims took place within this District, and Plaintiff resides within this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.   The Telephone Consumer Protection Act Of 1991**

8. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9. Among other things, the TCPA prohibits "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. . . ."

10. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

11. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

**B.     Defendant's Robocalls to Plaintiff and Class Members**

12.     Prior to the calls at issue in this action, Plaintiff had never had any contact with Defendant.  Plaintiff has never consented in writing, or otherwise, to receive telephone calls from Defendant.  Plaintiff has never provided Defendant with her telephone number.

13.     The following chart shows each date and time that Defendant called Plaintiff on her cellular telephone number:

**Defendant's Calls to Plaintiff**

| **Date** | **Time** | **Number Calling** |
|---|---|---|
| 7/28/15 | 12:59 PM | (800) 861-6045 |
| 9/19/15 | 9:15 AM | (800) 496-4598 |
| 1/05/16 | 12:09 PM | (800) 459-6901 |

14.     In total, Defendant called Plaintiff at least three times using an autodialer and/or an artificial or prerecorded voice without her prior express written consent.

15.     Ms. Cook repeatedly told Defendant that she was not the person they were looking for and asked that she not be called anymore, but Defendant kept calling.

16.     Online consumer complaints regarding Defendant's unsolicited telemarketing robocalls from these same numbers are legion:

- "Have been calling my number for months now, several times a week. Bill collector looking for someone who I do not know, automated VM mssg. I've tried everything to make it stop. Where can I file a complaint?"[1]

- "Bottom-feeder debt collection company.  They buy old debts that other companies have given up on, then try to locate the debtor.  By this time, the original debtor has moved and they don't know where they are.  So they google the name, and if it matches yours, they call.  If 'Joe

---

[1] http://800notes.com/Phone.aspx/1-800-496-4598/4

CLASS ACTION COMPLAINT                                                                            3

Jorgenson' didn't pay his phone bill 10 years ago, they google that name, find my number, and start harassing me.  All you can do is refuse to answer their calls, they will give up eventually.  Requesting to be put on their 'do not call list' accomplishes nothing, so don't bother.  Just hang up (or don't answer.)."[2]

- "I have been getting calls for a Lisa Sandberg from this company for several years.  I do not know such a person and have had this number for almost 20 years.  Today the guy sounded like an East Indian, if they can't find a better job than trying to scam people then they need to go back to their own country." [3]

- "Started receiving calls from 800-496-4598 on my new cell phone.  I explain to the caller I am not the person they are looking for, but they keep calling anyway.  I am committed to voting all incumbents out of every state and federal elected office until honest officials put and end to illegal and harassing unsolicited calls.  Elected officials stack the deck against honest people and deal crooked hands to dishonest businesses whose goal is to steal, not earn, money from the public they harass.  Politicians provide favors for campaign contributions from scam companies.  Prostitutes and politicians, we do it for money!"[4]

- "Got many hang up call.  I called them back and pressed option for wrong number and got a live person who said they were looking for John Boggs.  I told them no one by that name was at this number and they offered to remove our number from their list."[5]

- "I have gotten many calls from this number.  I've answered twice and told them they have the wrong number.  But, they continue to call me.  They never leave a message when it goes to voicemail.  I eventually called the number and was given the option to take my number off their list.  The company's name is ERC.  Yet another bill collection company that illegally harrasses people without consequence.  We'll see if I am really taken off their list or not..."[6]

- "If you are like me, the previous 'owner' of the phone number was apparently a deadbeat and ERC has tried to collect.  I've twice explained

---

[2] http://800notes.com/Phone.aspx/1-800-496-4598/7
[3] http://800notes.com/Phone.aspx/1-800-496-4598/7
[4] http://800notes.com/Phone.aspx/1-800-496-4598/6
[5] http://800notes.com/Phone.aspx/1-800-496-4598/8
[6] http://800notes.com/Phone.aspx/1-800-459-6901

CLASS ACTION COMPLAINT                                              4

to ERC agents that I'm not Mr. Ackerman, but I still get single-ring calls on a regular basis, despite going thru the 'remove this number' drill."[7]

- "ERC Recovery Collection department. Keeps calling asking for Melissa. We have a recycled Metro PCS phone number and wish they would stop calling. Have tried to call them but they are rude everytime we are talking to them and ask for my SS number to check if they are calling the wrong person. I will call the FCC if it continues."[8]

- "They've been calling between twice and nine times a day for the past two weeks. Most of the time there is no one on the other end. The one time someone talked, he kept threatening to send me to jail. Despite the fact he had the wrong name and this has only been my phone number for a while. Have no idea who Sylvia is. Offered to keep me out of jail if I went to buy a prepaid card at Walmart and called back with the number on the card. Complete scammers."[9]

- "These people have been calling for months, looking for the previous owner of my cell number. Have three documented calls to tell them to stop, have email from them saying they will. Called Christmas Eve 8:30 a m...make them STOP."[10]

- "[C]alled the number, got an agent after selecting option 4 and he agreed to remove my number from the collection file. time will tell. I have been getting calls looking for Keisha Hodges for years, she must be quite the con."[11]

- "They called and immediately hung up before I could answer, I called back and pressed 4 to talk to a rep. They asked if it was Dewanya or however you'd spell it and I told them no it's not and that if they called again I would report them for harassment. Told them that their scammers and the later instantly got pissed stating 'we are not scammers, we are...' And I cut her off and said that it was a [***] lie and they were and that I was gonna report them as such lol. She hung up."[12]

---

[7] http://800notes.com/Phone.aspx/1-800-459-6901/2  
[8] http://800notes.com/Phone.aspx/1-800-459-6901/4  
[9] http://800notes.com/Phone.aspx/1-800-459-6901/5  
[10] http://800notes.com/Phone.aspx/1-800-459-6901/6  
[11] http://800notes.com/Phone.aspx/1-800-861-6045/3  
[12] http://800notes.com/Phone.aspx/1-800-861-6045/4

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated.

18. Plaintiff proposes the following Robocall Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant in order to promote its products or services; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

Collectively, all these persons will be referred to as the "Robocall Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the Robocall Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

19. Plaintiff also proposes the following Autodialer Class definition:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant in order to promote its products or services; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

20. Collectively, all these persons will be referred to as the "Autodialer Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the Autodialer Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate

Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

21. Plaintiff does not know the exact number of members in the proposed classes, but reasonably believes based on the scale of Defendant's business, and the number of autodialed robocalls that he received, that the classes are so numerous that individual joinder would be impracticable.

22. Plaintiff and all members of the proposed classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

23. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The proposed classes can be identified easily through records maintained by Defendant.

24. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed classes. Those common question of law and fact include, but are not limited to, the following:

    a. Whether Defendant made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;

    b. Whether Defendant's conduct was knowing and/or willful;

    c. Whether Defendant is liable for damages, and the amount of such damages, and

    d. Whether Defendant should be enjoined from engaging in such conduct in the future.

25. As a person who received numerous and repeated calls on her telephone using an artificial or prerecorded voice, without her prior express written consent, Plaintiff asserts claims that are typical of each member of the classes. Plaintiff will fairly and adequately represent and protect the interests of the proposed classes, and has no interests which are antagonistic to any member of the proposed classes.

26. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

27. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendant to comply with the TCPA. The interest of the members of the proposed classes in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

28. Defendant has acted on grounds generally applicable to the proposed classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed classes as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.

29. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

30. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

31. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed classes are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

32. Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

33. Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

34. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

35. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

36. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the classes are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

37. Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

38. Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed classes the following relief against Defendant:

    a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

    b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for herself and each member of the proposed classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

    c. As a result of Defendant's violations of the TCPA, Plaintiff seeks for herself and each member of the proposed classes $500.00 in statutory damages for each and every call that violated the TCPA;

    d. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed classes;

    e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiff is a proper representative of the classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the classes;

    f. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: February 8, 2016                    Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ L. Timothy Fisher*
         L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Email: ltfisher@bursor.com
           apersinger@bursor.com
           ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT                                                                                 11